IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Edward Thomas, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Andrew M. Saul, Commissioner of ) <br> Social Security Administration, ) <br> ) <br> Defendant. ) <br> ) | C/A No. 4:18-1819-TMC <br><br> **ORDER** |

Plaintiff James Edward Thomas ("Thomas") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). (ECF No. 1).[1] This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 32).[2] In his Report, the magistrate judge recommends that the court reverse the decision of the Commissioner to deny benefits and remand this matter to the Commissioner. *Id.* at 12. The Commissioner filed objections. (ECF No. 34). Thomas filed a reply to those objections. (ECF No. 38). Accordingly, this matter is

---

[1]On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for Defendant Nancy A. Berryhill who was the Acting Commissioner of Social Security when this action was filed.

[2]The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

ripe for review. The court declines to adopt the Report and instead recommits the matter to the magistrate judge for the reasons set forth below.

## I. Background

On June 6, 2012, Thomas filed an application for DIB, alleging that he became unable to work on July 29, 2009, due to a spinal fusion and a right arm injury from a gun shot wound years earlier. (ECF Nos. 20-2 at 40, 44; 20-3 at 2).[3] His application was denied initially and on reconsideration. (ECF No. 20-3 at 11, 23, 26). Thomas requested a review by an administrative law judge ("ALJ"), (ECF No. 20-4 at 13), and a hearing was held before an ALJ on January 14, 2014 (ECF No. 20-2 at 33). On February 11, 2014, the ALJ denied Thomas benefits, finding that Thomas was not disabled within the meaning of the Act. (ECF No. 20-11 at 2-11). Thomas requested a review of the ALJ's decision, which the Appeals Council denied on June 2, 2015. *Id.* at 17. Thomas then filed an action in this court on August 4, 2015, *Thomas v. Comm'r*, 4:15-cv-3061-PMD-TER (D.S.C.). The Commissioner requested remand to conduct a de novo hearing, and, pursuant to sentence four, the court remanded the action for further administrative proceedings. (ECF No. 20-11 at 23-25). Another hearing was held on May 16, 2017, at which Thomas and a vocational expert ("VE") testified. (ECF No. 20-10 at 33). On August 18, 2017, the ALJ again denied Thomas's claim, finding that Thomas was not disabled within the meaning of the Act. *Id.* at 19-26. Thomas filed written exceptions to the ALJ's decision. (ECF No. 20-12 at 59-65). On June 13, 2018, the Appeals Council determined that the exceptions had no merit and, therefore, found no reason to assume jurisdiction. (ECF No. 20-10 at 2-5). Thomas then filed this action on July 2, 2018. (ECF No. 1).

---

[3]Thomas originally alleged an onset date of July 2009. (ECF No. 20-10 at 38, 40). However, at the hearing he agreed to an amended onset date of January 2011. *Id.* at 40.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. Analysis

At the hearing, the VE testified that Thomas' past relevant work ("PRW") as a casino dealer was classified as skilled, light work with a specific vocational preparation ("SVP") of 5. (ECF No. 20-10 at 49). The ALJ posed the following hypothetical to the VE: "Assume a hypothetical worker, the same age as Thomas, same work history and education, retaining light exertional capacity only, with no climbing, crawling, balancing, or exposure to industrial

hazards." *Id.* The VE testfied that such an individual could perform Thomas' PRW. *Id.* Thomas' attorney also questioned the VE. He proposed a hypothetical with an individual limited to less than constant reaching or unable to stand for most of the workday. *Id.* at 50. The VE responded that such an individual would be unable to perform the job of casino dealer. *Id.*

In his decision, the ALJ determined that Thomas could preform his PRW as a casino dealer. (ECF No. 20-10 at 26). Specifically, the ALJ stated:

> The vocational expert testified based on the residual functional capacity set forth above, that claimant was capable of performing his past relevant work as a casino dealer (D.O.T. # 343.464-010), which is classified as light, skilled work (SVP 5), as generally preformed.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant was able to perform it as generally performed.

(ECF No. 20-10 at 26).

In his brief, Thomas alleges the ALJ erred in his analysis of his PRW. (ECF No. 26 at 11). Specifically, he argues that the ALJ did not comply with SSR 82-62. *Id.* at 13. He contends that the ALJ failed to provide specific findings or analysis regarding the physical and mental demands of Thomas' PRW work, as required by SSR 82-62, and that SSR 82-62 requires the ALJ to make his own findings and evaluate whether a claimant's restrictions allow him to perform past jobs. *Id.*

In his Report, the magistrate judge stated that under SSR 82-62, reliance solely on VE testimony is insufficient when determining whether a claimant can perform his PRW. (ECF No. 32 at 11). The magistrate judge then determined that the ALJ did not develop and explain fully or provide a rationale that shows "clearly how specific evidence [the evidence required to be considered by Social Security Ruling ("SSR") 82-62] leads to a conclusion" that Plaintiff can return to his PRW. *Id.* (citing SSR 82-62). Therefore, the magistrate judge recommended that

4

the ALJ decision be reversed and this matter be remanded for further proceedings. *Id.* at 11. In light of that, the magistrate judge did not address Thomas' remaining issues, but he noted that on remand that the ALJ should take into consideration Thomas' remaining allegations of error under the applicable law and regulations, except for Thomas' allegation regarding AR 00- 1(4). *Id.*

In his objections, the Commissioner contends that the magistrate judge erred in assessing Thomas' PRW pursuant to SSR 82-62. (ECF No. 34 at 1). The Commissioner notes that in *Hamm v. Colvin*, No. 4:14-cv-3590-RBH-TER, 2016 WL 536742, *3 (D.S.C. Feb. 11, 2016), United States District Judge R. Bryan Harwell addressed this issue and declined to adopt the Report, which included a similar analysis and recommendation, because the regulations were amended in 2003 to specifically provide that an ALJ may rely on the testimony of a VE in determining whether a claimant is able to perform PRW. *Id.*[4] Judge Harwell held that "an ALJ may properly rely on the testimony of a vocational expert in lieu of himself describing the physical and mental demands of the past job." *Id.* at *4. In response, Thomas argues that this case is distinguishable from *Hamm* because here the ALJ did not state that he was relying on or adopting the VE's testimony. (ECF No. 38 at 4).

Social Security Ruling 82-62 provides, in part, that,

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.

---

[4] As noted by the Commissioner, the magistrate judge cites to cases decided prior to the amendment of the regulations: *Winfrey v. Chater*, 92 F.3d 1017, 1025-26 (10th Cir. 1996); *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001); and *Bailey v. Comm'r.*, 1999 WL 433339 (6th Cir. 1999). (ECF No. 34 at 5-6 n.4). The Commissioner acknowledges that the magistrate judge also cites to one case post-amendment, *Parker v. Astrue*, 664 F. Supp. 2d 544, 555-57 (D.S.C. 2009). (ECF No. 34 at 6 n.4). However, he notes that the court in *Parker* relied upon the holdings in *Winfrey*, *Pinto*, and *Bailey*. *Id.*

5

> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62. In 2003, the Regulations were amended to provide expressly for reliance on the testimony of a VE in determining whether a claimant is able to perform his past relevant work. *See* 68 F.R. 51153, 2003 WL 22001943 (Aug. 26, 2003) (adding § (b)(2) to 20 C.F.R. § 404.1560). Section (b)(2) provides:

> Determining whether you can do your past relevant work. We will ask you for information about work you have done in the past. We may also ask other people who know about your work. (See § 404.1565(b).) We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1560(b)(2). The cases relied upon by the magistrate were decided before this amendment to § 404.1560, and, after this amendment, courts have held that an ALJ may properly rely on the testimony of a VE in determining whether a claimant can perform his PRW. *See, e.g., White v. Colvin*, No. CBD-12-2553, 2013 WL 4026921, at *11 n.2 (D. Md. Aug. 6, 2013); *Collier v. Astrue*, No. 7:11-cv-68-D, 2012 WL 3095099, at *11 (E.D.N.C. June 22, 2012); *Lybrand v. Astrue*, No. 3:10-2293-JFA-JRM, 2012 WL 762092, at *4 (D.S.C. Feb. 8, 2012); *Hicks v. Astrue*, No. 0:093053-CMC-PJG, 2010 WL 5776697, at *6 (D.S.C. Dec. 13, 2010);

*Thompson v. Astrue*, No. 8:09-01968-JFA-BHH, 2010 WL 3878729, at *3 (D.S.C. June 16, 2010).

As noted above, Thomas contends that this case is distinguishable from *Hamm* because, the ALJ did not specifically state that he was relying on the VE's testimony. (ECF No. 38 at 4). Here, while the ALJ did not specifically "state" that he was relying on the VE's testimony, he cited to it and clearly relied on it when he noted that the VE had testified that Thomas' PRW involved light, skilled level work as described in the DOT. (ECF No. 20-10 at 26). The court finds the ALJ's decision as to Thomas' PRW is more than sufficient. *Hamm,* 2016 WL 536742, *4 (finding that the ALJ properly relied on the VE testimony thereby satisfying SSR 82-62). Accordingly, the court finds that the ALJ sufficiently complied with SSR 82-62.[5]

Based on the foregoing, the court **DECLINES** to adopt the Report (ECF No. 32), and **RECOMMITS** this matter back to the magistrate judge so that he may address the remaining issues.

**IT IS SO ORDERED.**

                                                                s/Timothy M. Cain
                                                                United States District Judge

July 26, 2019
Anderson, South Carolina

---

[5] The court notes that it appears that Thomas is really arguing that the ALJ erred in determining his RFC.