IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Edward Thomas, | ) | |
| | ) | C/A No. 4:18-1819-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew M. Saul, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James Edward Thomas ("Thomas") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). (ECF No. 1).[1] This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (ECF No. 45).[2] In his Report, the magistrate judge recommends that the court affirm the decision of the Commissioner to deny benefits. *Id.* at 26. Thomas filed objections. (ECF No. 46). The Commissioner filed a reply to those objections. (ECF No. 48). Accordingly, this matter is ripe for review.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is automatically substituted for Defendant Nancy A. Berryhill who was the Acting Commissioner of Social Security when this action was filed.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. Background

On June 6, 2012, Thomas filed an application for DIB, alleging that he became unable to work on July 29, 2009, due to a spinal fusion and a right arm injury from a gun shot wound years earlier. (ECF Nos. 20-2 at 40, 44; 20-3 at 2).[3] His application was denied initially and on reconsideration. (ECF No. 20-3 at 11, 23, 26). Thomas requested a review by an administrative law judge ("ALJ"), (ECF No. 20-4 at 13), and a hearing was held before an ALJ on January 14, 2014 (ECF No. 20-2 at 33). On February 11, 2014, the ALJ denied Thomas benefits, finding that Thomas was not disabled within the meaning of the Act. (ECF No. 20-11 at 2-11). Thomas requested a review of the ALJ's decision, which the Appeals Council denied on June 2, 2015. *Id.* at 17. Thomas then filed an action in this court on August 4, 2015, *Thomas v. Comm'r of Soc. Sec. Admin.,* No. 4:15-cv-3061-PMD-TER (D.S.C.). The Commissioner requested a remand to conduct a de novo hearing, and, pursuant to sentence four, the court remanded the action for further administrative proceedings. (ECF No. 20-11 at 23-25). Another hearing was held on May 16, 2017, at which Thomas and a vocational expert ("VE") testified. (ECF No. 20-10 at 33). On August 18, 2017, the ALJ again denied Thomas's claim, finding that Thomas was not disabled within the meaning of the Act. *Id.* at 19-26. Thomas filed written exceptions to the ALJ's decision. (ECF No. 20-12 at 59-65). On June 13, 2018, the Appeals Council determined that the exceptions had no merit and, therefore, found no reason to assume jurisdiction. (ECF No. 20-10 at 2-5). Thomas then filed this action on July 2, 2018. (ECF No. 1).

---

[3]Thomas originally alleged a disability onset date of July 2009. (ECF No. 20-10 at 38, 40). However, at the hearing he agreed to an amended onset date of January 2011. *Id.* at 40. Despite this, in his decision, the ALJ used the date of July 29, 2009, as the onset date. (ECF No. 20-10 at 21).

## III. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## IV. Analysis

In his brief, Thomas argued that the ALJ failed to comply with Social Security Acquiescence Ruling 00-1(4), 65 Fed. Reg. 1936, 2000 WL 43774 (Jan. 12, 2000) ("AR 00-1(4)"),[4] properly perform a subjective symptom evaluation in accordance with Social Security

---

[4] AR 00-1(4) was promulgated in response to the Fourth Circuit's opinion in *Albright v. Commissioner*, 174 F.3d 473 (4th Cir. 1999), and it explains the effect of prior disability findings on the adjudication of a subsequent disability claim. AR 00-1(4) provides:

When adjudicating a subsequent disability claim arising under the same or a

Regulation ("SSR") 16-3p, and properly explain the lack of limitations for the right upper extremity in the residual functional capacity ("RFC"). (ECF No. 26).[5] Citing *Monroe v. Colvin*, 826 F,3d 176, 189-90 (4th Cir. 2016), the magistrate judge found that AR 00-1(4) is inapplicable when a prior decision has been vacated. (ECF No. 45 at 18). The magistrate judge also concluded that "the ALJ conducted the proper evaluation of Thomas' subjective symptoms and cited substantial evidence to support his finding that Thomas' allegations of disabling symptoms were not entirely consistent with the record." *Id.* at 23. Finally, the magistrate judge determined that the ALJ's RFC analysis was proper and supported by substantial evidence. *Id.* at 25.

Thomas has raised two objections: (1) the ALJ failed to explain the RFC findings; and (2) the ALJ erred in his evaluation of Thomas' subjective reports. (ECF No. 46 at 1, 4). In his response to Thomas' objections, the Commissioner first contends that Thomas is merely re-hashing most of the same arguments he raised in his brief (ECF No. 26). (ECF No. 48 at 1, 3). As other courts have recognized in the social security context, the court may reject rehashed objections to the Report as this amounts to a second opportunity to present the arguments already considered by the magistrate judge. *Crawford v. Comm'r of Soc. Sec. Admin.*, No. 8:17-cv-02799-JMC, 2019 WL 1416883, at *3 (D.S.C. Mar. 29, 2019). Thus, a de novo review

---

        different title of the Act as the prior claim, an adjudicator determining whether a
        claimant is disabled during a previously unadjudicated period must consider such
        a prior finding as evidence and give it appropriate weight in light of all relevant
        facts and circumstances.

AR00-1(4).

[5] Thomas also alleged that the ALJ's analysis of his ability to perform past relevant work ("PRW") did not comply with SSR 82-62. (ECF No. 26 at 11). In a prior Report, the magistrate judge agreed and recommended that the court remand this action, and, because of this recommendation, the magistrate judge did not address the remaining issues raised by Thomas. (ECF No. 32). The Commissioner objected (ECF No. 34), and the undersigned declined to adopt that Report and recommitted this matter to the magistrate judge for him to address the remaining issues (ECF No. 44).

is wholly unnecessary when a party seeks to rehash arguments in his objections that were already addressed in a magistrate judge's Report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'") (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005)). The court agrees with the Commissioner that Thomas has mostly reiterated his arguments in his objections. However, as discussed below, even reviewing de novo Thomas' rehashed arguments as set forth in his objections, the court is satisfied that there was substantial evidence to support the ALJ's decision.

In his first objection, Thomas contends that the magistrate judge erred by failing to explain his RFC findings. (ECF No. 46 at 1). Thomas specifically argues that in determining Thomas' RFC the ALJ failed to consider the evidence that he had slowed hand movements and cervical degenerative disc disease. *Id.* at 3. Thomas complains that the ALJ selectively chose evidence from Dr. Regina A. Roman's consultative exam to support the conclusion that Thomas could pick up coins and manipulate larger objects and ignored Dr. Roman's notation that Thomas performed fine dexterity movement of the fingers and alternating motions of the hands slowly. (ECF No. 46 at 1). "While the ALJ's decision must 'contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based,' 42 U.S.C. § 405(b)(1), '"there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."' *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014)

5

(citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). Rather, an ALJ "need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." *Jackson v. Astrue*, No. 8:08-cv-2855-JFA-BHH, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (quoting *Fischer v. Barnhart*, 129 Fed. App'x 297, 303 (7th Cir. 2005)). Moreover, "[s]imply because the plaintiff can produce conflicting evidence which might have resulted in a contrary interpretation is of no moment." *Washington v. Astrue*, 659 F. Supp. 2d 738, 753 (D.S.C. 2009) (citing *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). The court finds that the ALJ's RFC determination is sufficient for the court to make a bridge between the evidence and the ALJ's conclusion and, further, it is supported by substantial evidence.

Thomas further contends that the magistrate judge erred when he concluded that "the ALJ properly considered that Thomas had not required repeated emergency treatment or inpatient hospitalization since his right extremity injury and that there was no documentation of any treatment specifically for this conditions since the alleged onset date." *Id.* at 1-2. Thomas argues that he "need not be bedridden or completely helpless to be found disabled." *Id.* at 2. Although Thomas is correct that he need not be bedridden or completely helpless to be found disabled, the court finds that it was appropriate for the ALJ to consider Thomas' lack of treatment in evaluating his claim. *See Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) (finding that an inconsistency between the level of claimant's treatment and her claims of disabling pain supported the conclusion that claimant was not credible); *see also Wise v. Astrue*, No. 3:09-cv-1324-HMH-JRM, 2010 WL 1542567, *6 (D.S.C. Mar. 26, 2010) (holding that "[a] claimant's lack of treatment may be considered in evaluating whether an impairment is disabling."). Moreover, as the Commissioner argues, (ECF No. 48 at 4), the ALJ considered Thomas' testimony that he had limited feeling in and use of his right upper extremity and the

medical evidence that showed that Thomas had decreased sensation in the right upper extremity and some loss of grip strength. (ECF No. 20-10 at 23-25). Accordingly, the court finds that substantial evidence supports the ALJ's RFC determination in regard to Thomas' upper right extremity.

Thomas also contends that the ALJ failed to address his cervical degenerative disc disease in determining his RFC. (ECF No. 46 at 2). In response, the Commissioner argues that Thomas is raising a new issue in his objections, and that Thomas waived this issue because he failed to raised it in his opening brief. (ECF No. 48 at 7). Arguably, because Thomas "failed to raise this error in [his] initial brief, [this] argument is waived." *Hicks v. Astrue*, No. 0:09-3053-cv-CMC, 2011 WL 489924, * 2 (D.S.C. Feb. 7, 2011) (citing *Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174, 1182 n.51 (10th Cir. 2005)). In any event, the ALJ specifically discussed Thomas' degenerative disc, (ECF No. 20-10 at 24, 25), and the court finds that substantial evidence supports the ALJ's finding disease that Thomas' allegations of disabling symptoms in regard to his cervical degenerative disc disease are not entirely consistent with the record.

Thomas further argues that the ALJ failed to consider the combined effect of all his impairments when he found that Thomas could constantly reach and perform his PRW. *Id.* at 3. However, as noted above, the ALJ specifically considered the combination of Thomas' impairments, found that they did not meet they severity of a listing, and concluded that the combination of impairments did not impose greater limitations than those inherent in the RFC. (ECF No. 20-10 at 22). Accordingly, based on the foregoing, the court finds that Thomas' objection in regard to the RFC findings is without merit and that the ALJ's RFC determination is supported by substantial evidence.

In his second objection, Thomas argues that the ALJ erred in his evaluation of Thomas' subjective reports. (ECF No. 46 at 4). Specifically, Thomas contends that the ALJ erred in his credibility determination by failing to address Thomas' argument that his activities of daily living, work activity, and unemployment benefits are not incompatible with his application for disability. *Id.* at 4. However, the ALJ addressed Thomas' activities of daily living and concluded that his activities "are not limited as one would expect, given his complaints of disabling symptoms and limitations." (ECF No. 20-10 at 25). Further, the ALJ noted that while unemployment benefits would not preclude Social Security benefits, it is a factor to consider in determining whether a claimant is disabled. *Id.* The court finds that the ALJ properly considered Thomas' activities of daily living and his receipt of unemployment benefits. *See Baker v. Berryhill*, No. 5:16-cv-0821-DCN, 2017 WL 4296430, *3 (D.S.C. Sept. 28, 2017) (citing with approval numerous cases that have found no error in ALJ's consideration of receipt of unemployment benefits).

Finally, Thomas contends that the ALJ should have "consider[ed] Thomas's work history and efforts to return to work in his favor in assessing credibility in this case." (ECF No. 46 at 4).[6] A claimant's work history is only one of many factors the ALJ must consider in determining credibility. *See* SSR 96-7p, 1996 WL 374186, at *5. Nonetheless, "a claimant's work history alone is not dispositive of the question of his credibility, and an ALJ is not required to equate a

---

[6] In March 2016, the Social Security Administration published a new ruling, SSR 16-3p, for evaluation of symptoms in disability claims. SSR 16-3p supersedes SSR 96-7p, eliminates use of the term "credibility," and clarifies that subjective symptom evaluation is not an examination of an individual's character. SSR 16-3p, 2016 WL 1119029, at *1. Although SSR 16-3p eliminates the assessment of credibility, it requires assessment of most of the same factors to be considered under the prior ruling, including the two-step process for evaluation of symptoms. *Id.* at *3-4. However, because this claim was filed prior to publication of the new ruling, the court will consider the ALJ's decision based on SSR 96-7p. *See* HALLEX I-5-3-30 (SSA), 2017 WL 1362776 (last updated Apr. 14, 2017) (noting that the filing date of a claim determines which set of rules to apply when evaluating medical and nonmedical evidence in a claim).

long work history with enhanced credibility." *Thompson v. Astrue*, C/A No. 09-519, 2010 WL 3661530, at *4 (W.D. Pa. Sept. 20, 2010). "In reviewing for substantial evidence, [the courts] do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). Here, the ALJ noted in his decision that Thomas had attempted to work after the onset date. (ECF No. 20-10 at 23, 25). He also appropriately considered numerous other factors. *Id.* at 23-25. Therefore, any failure to discuss Thomas' past work history is not reversible error. *See Nathans v. Colvin*, No. 5:14-cv-03859-RBH, 2016 WL 403059, *4 (D.S.C. Feb. 3, 2016) (declining to hold that a remand is automatically required when an ALJ fails to discuss a claimant's good work record in determining credibility). The court finds that Thomas' objections regarding the ALJ's credibility determination are without merit and that the ALJ's credibility assessment is supported by substantial evidence.

Based on the foregoing, the court adopts the Report (ECF No. [45]) and **AFFIRMS** the denial of benefits.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 11, 2019
Anderson, South Carolina

9